Filing # 43589100 E-Filed 07/06/2016 11:43:40 AM

RECEIVED JUL 12 2016

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CLINTON JONES, SR., individually as the Parent of Corey Jones (deceased) and as the Personal Representative of the Estate of **COREY JONES**

Plaintiff,

vs.

**CITY OF PALM BEACH GARDENS**, and **NOUMAN RAJA**, in his individual capacity,

Defendants.

_____/

RCP 1264
7/12/2016
1045A

## SUMMONS

**THE STATE OF FLORIDA:**

To:  City of Palm Beach Gardens
     c/o Marcie Tinsley, Mayor
     10500 North Military Trail
     Palm Beach Gardens, FL 33410

**TO EACH SHERIFF OF THE STATE: YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in this lawsuit on the above-named Defendant.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

DARYL D. PARKS, ESQUIRE
PARKS & CRUMP, L.L.C.
240 North Magnolia Drive
Tallahassee, FL 32301
(850) 224-6400
FBN No. 0054097

WITNESS my hand and the seal of the Court on   Jul 07 2016   , 2016.



Clerk of Circuit Court

By: _Aurelie Ayala_
    **Deputy Clerk**

ANDREA AYALA

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 07/06/2016 11:43:40 AM

Filing # 43589100 E-Filed 07/06/2016 11:43:40 AM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CLINTON JONES, SR., individually as the
Parent of Corey Jones (deceased) and as the
Personal Representative of the Estate of
**COREY JONES**

        Plaintiff,

vs.

**CITY OF PALM BEACH GARDENS**, and
**NOUMAN RAJA**, in his individual capacity,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff **CLINTON JONES, SR.**, individually and as Personal Representative of the Estate of **COREY JONES**, deceased, and hereby files this Complaint through the undersigned counsel against the above-named Defendants **CITY OF PALM BEACH GARDENS**, and Officer **NOUMAN RAJA**, in his individual capacity, for causing the death of **COREY JONES** on October 18, 2015, for which Plaintiff now seeks damages, and in support thereof alleges as follows:

### VENUE, JURISDICTION, AND PARTIES

1.    This is an action for damages in excess of $15,000.00, exclusive of interest, attorney's fees and cost, pursuant to Florida's Wrongful Death Statute § 768.21, United States Constitution Amendments IV and XIV, 42 U.S.C. § 1983, 28 U.S.C. 1331 and 1343, and the laws of Florida. Plaintiff has complied with all conditions precedent set forth by the state of Florida pursuant to Florida Statute 768.28.

2. Pursuant to Florida Statutes § 768.28, the State of Florida, for itself and for its agencies and subdivisions has waived its sovereign immunity in tort actions such as this in which personal injury and related damages resulted from the negligence or a wrongful act or omission of an employee of the agency or subdivision while acting within the scope of his or her office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant under the general laws of the State of Florida.

3. The Defendant, City of Palm Beach Gardens (hereinafter CITY) was and is, at all times material hereto, a municipal corporation and political subdivision of the state of Florida, organized and existing under the laws of the state of Florida, and operating and conducting business in Palm Beach County, Florida, including the operation of a police department known as the City of Palm Beach Gardens Police Department and employed Officer Nouman Raja.

4. At all times material hereto, the acts of Defendant CITY, its agents, servants, and/or employees were committed within the scope of their employment, in furtherance of the interests of the City of Palm Beach Gardens and were operational in nature.

5. Defendant CITY, at all relevant times hereto, acted by and through its employees, agents, apparent agents, servants, officers, or representatives, who were acting within the course of their employment, agency, apparent agency, servitude, office, or representative capacity, or under Defendant's control, or right of control, and in furtherance of their interests, thereby making Defendant CITY vicariously liable for the acts or omissions of its employees, agents, apparent agents, servants, officers and representatives under Florida Statutes § 768.28(1).

6. Defendant CITY employed Defendant Officer Nouman Raja (hereinafter RAJA); and as such, Defendant CITY is ultimately liable for Defendant Officer RAJA's actions and/or omissions that result in injuries to citizens.

7. At all times material hereto, the official policy makers of the City of Palm Beach Gardens were the City Manager and/or the Palm Beach Gardens City Council and/or Police Chief Stephen J. Stepp.

8. Defendant RAJA was a resident of Palm Beach County at the time of the incident and at all times material hereto, was acting under color of state law as a police officer and in furtherance of the interests of the City of Palm Beach Gardens.

9. Decedent COREY JONES, was a resident of Palm Beach County, Florida, at the time of the subject incident.

10. Plaintiff CLINTON JONES, SR., is the natural father and beneficiary of recovery for the wrongful death of the decedent, COREY JONES and is the Personal Representative of the Estate of Corey Jones. At all times material to the subject incident and as of today's date, CLINTON JONES, SR., was and is a resident of Broward County, Florida.

11. All of the acts or omissions giving rise to this action occurred in Palm Beach County, Florida.

12. Venue is proper in Palm Beach County, Florida as the incident arises out of Palm Beach County, and Defendants operate businesses and/or a governmental agency and/or reside and/or work in Palm Beach County.

**FACTUAL ALLEGATIONS**

13. On or about October 18, 2015, at approximately 3:15 a.m., decedent COREY JONES was shot and killed by Defendant RAJA. COREY JONES worked for the Delray Beach Housing Authority as an inspector and assistant property manager. He was also a well-known drummer who played in several bands and at his church. A graduate of the University of Akron, he held two degrees in his two professions, business management and music. COREY JONES

also mentored boys and young men of color in a program initiated by President Obama known as "My Brother's Keeper."

14. On or about October 18, 2015, COREY JONES was driving home from a music performance he had in Jupiter, Florida when unexpectedly, his car broke down on the side of the road. While stranded, Corey called for help and waited on the side of the road for a tow truck to arrive. At that time, COREY JONES was not committing any crime, not suspected of committing any crime, and not in the process of committing any crime. Help never arrived. Instead, Defendant RAJA pulled up in an unmarked white van, stepped out of his vehicle, and approached Corey while he was in the midst of an undercover operation. Defendant RAJA approached COREY JONES' vehicle without his badge and wearing plain clothes including jeans, t-shirt, and a baseball cap. In addition to wearing plain clothes, Defendant RAJA was driving an unmarked van that had no police lights. Instead of helping Corey, Defendant RAJA fired six shots at him. Three of those six shots hit COREY JONES' body and killed him. Corey was scheduled to play the drums at his grandfather's church the next morning. However, Corey never made it to church that Sunday.

15. On or about October 18, 2015, Defendant RAJA was on a stake out in a nearby hotel parking lot and did not have his supervisor's permission to leave his post. Moreover, he failed to radio to dispatch to request for a marked car to investigate Corey's disabled vehicle on the side of the road. Upon information and belief, Palm Beach Gardens Police department failed to train Defendant RAJA in how to properly conduct an undercover operation and failed to properly supervise him. Additionally Defendant CITY, by and through the Palm Beach Gardens Police Department, was negligent when they hired Defendant RAJA who had a clear pattern of disciplinary actions for not following orders.

16. The Palm Beach Gardens Police Department's policy manual fails to specify what plainclothes officers in unmarked cars should do in roadside encounters. Significantly to this case, the policy manual excludes any specifics on what protocols Defendant RAJA should have followed while wearing plain clothes and in an unmarked vehicle.

17. When approached by Defendant RAJA, the decedent COREY JONES was not fleeing a crime, had no means of escape, and posed no reasonable threat of physical harm to Defendant RAJA or the general public.

18. The decedent, COREY JONES was peacefully waiting in his disabled vehicle, on the phone with a roadside assistance operator.

19. Upon information and belief, the phone call was recorded and in part, documents the following:

    a. COREY JONES is first heard saying, **"Huh?"**

    b. **"You good?"** Defendant RAJA asked.

    c. **"I'm good,"** COREY JONES said.

    d. **"Really?"** Defendant RAJA responded.

    e. **"Yeah; I'm good,"** COREY JONES said.

    f. **"Really?"** Defendant RAJA replied.

    g. **"Yeah,"** COREY JONES said.

    h. **"Get your f------ hands up! Get your f------ hands up!"** Defendant RAJA said.

    i. **"Hold on!"** COREY JONES said.

    j. **"Get your f------ hands up! Drop!"** Defendant RAJA said.

20. After saying "drop," Defendant RAJA fired his weapon six times and killed COREY JONES.

21. At no time did Defendant RAJA identify himself as a police officer.

22. Instead, Defendant RAJA shot COREY JONES as opposed to employing less than lethal force to conduct a police roadside encounter.

23. Defendant CITY violated its own policy, failure to properly train, and supervise its officers including Defendant RAJA, exhibited a deliberate indifference to the constitutional rights to Palm Beach County citizens, constituting the moving force behind the shooting of COREY JONES and actually and proximately causing his death.

24. The Defendants' individual and collective actions and omissions actually and proximately caused the death of COREY JONES. Plaintiff CLINTON JONES, SR., and the Estate of Corey Jones are entitled to damages pursuant to Florida's Wrongful Death Act and the Constitution of the United States of America, for the value of decedent's life and the value of their losses, including but not limited to the following:

    (a) Award of compensatory damages to Plaintiffs;

    (b) Award of costs of this action to Plaintiffs;

    (c) Award of reasonable attorneys' fees and costs to Plaintiffs on Federal 1983 Counts pursuant to 42 U.S.C. §1988;

    (d) Loss of past and future support and services with interest;

    (e) Loss of earnings and net accumulations to the Estate of Corey Jones;

    (f) Any and all medical and/or funeral expenses incurred due to the wrongful death of the decedent COREY JONES;

    (g) Loss of familial relationship with decedent, companionship, comfort, support, society, care and sustenance of decedent, and the mental pain and suffering from the past date of injury through the future, compensation for

medical bills as a result of psychological and physical injury, as a result of COREY JONES' death;

(h)　Any and all other and further relief as this Court may deem appropriate.

## COUNT I
## NEGLIGENCE – DEFENDANT CITY

25.　Plaintiff hereby incorporates paragraphs 1 – 24 as though fully set forth herein.

26.　This is an action brought against Defendant CITY pursuant to the Florida Wrongful Death Act for negligence.

27.　At all times material hereto, Defendant RAJA was an employee and/or agent of Defendant CITY, and acting within the course and scope of their employment with same, in furtherance of the interest of Defendant CITY, and with Defendant CITY's consent.

28.　As such, Defendant CITY is liable for all of its employees and/or agents' actions and omissions that gave rise to this action, including the actions of Defendant RAJA and Defendant CITY as the final policymaker of Palm Beach Gardens Police Department.

29.　Defendant RAJA and Defendant CITY, by and through its employees and agents, owed a duty to COREY JONES, to act in a prudent and reasonable manner with regard to his health and safety. Defendant CITY and owed a ministerial duty to provide responsible and effective operations of its police department. Defendant CITY further has a ministerial duty to establish and enforce proper policies, customs, and regulations of its police department. Defendant CITY owe a legal duty to supervise its officer, discipline said officers and retain only those fit for duty, and to properly train and retrain said officers.

30.　Upon information and belief and as cited supra, prior to the death of COREY JONES, Defendant CITY had a custom or policy of failing to properly train, retrain, supervise, and discipline officers including Defendant RAJA on the use of excessive force, de-escalation

7

techniques, use of non-lethal force, a requirement to treat African Americans equally to other citizens, and on conducting fair and impartial investigations. The aforementioned failures surmounted to violations of non-discretionary duties of Defendants owed to citizens of Palm Beach County including decedent, COREY JONES. As such Defendants breached duties including ministerial duties owed to the decedent.

31. Upon information and belief, Defendant CITY has not formally amended its training and/or policies and/or disciplinary measures and/or supervision techniques, to eradicate similar instances of the unjustifiable use of deadly force, further exhibiting reckless indifference, bad faith, and malice toward the citizens of Palm Beach County. Said breach of duties resulted in Defendant RAJA's breach of the duty he owed by using unreasonable use of force against the decedent COREY JONES when he shot at him six times including three bullets that struck him leaving him dead.

32. Defendant CITY knew or should have known of the dangers posed by failing to properly train, re-train and supervise its officers, negligently retaining its officers, and failing to conduct reasonable investigations and that said actions and inactions were likely to result in violations of citizens' rights, and as such were reasonably foreseeable.

33. Prior to Defendant RAJA's employment, Defendant CITY became aware or should have become aware of problems with Defendant RAJA that exhibited that he was unfit for employment as a law enforcement officer, needed training and retraining, and yet retained him despite the known risk he posed to citizens.

34. Defendant RAJA's and Defendant CITY's actions and omissions were unreasonable, and actually and proximately contributed to and/or caused the death of COREY JONES.

WHEREFORE, Plaintiff CLINTON JONES, SR., individually and as the Personal Representative of the Estate of COREY JONES, demands all damages against Defendant RAJA and Defendant CITY permissible under Florida Statutes § 768.21 known as the "Florida Wrongful Death Act," for injuries suffered by the decedent COREY JONES as a result of the defendants negligence including but not limited to loss of support and future loss of support, past and future loss of services, past and future loss of earnings, medical and funeral expenses and for such other relief that this Court may deem just and proper.

## COUNT II
## BATTERY – DEFENDANT RAJA

35.   Plaintiff hereby incorporates paragraphs 1 – 24 as though fully set forth herein.

36.   At all times material hereto, Defendant RAJA was an employee and/or agent of Defendant CITY, and acting within the course and scope of his employment with same and in furtherance of the interest of Defendant CITY.

37.   At all times material hereto, Defendant RAJA intentionally caused bodily harm/offensive contact to COREY JONES by using deadly force against his person, by shooting and killing him.

38.   At all times material hereto, COREY JONES did not consent to such bodily harm/offensive contact.

WHEREFORE, Plaintiff CLINTON JONES SR., individually and as the Personal Representative of the Estate of COREY JONES, demands all damages against Defendant RAJA and Defendant CITY permissible under Florida Statutes § 768.21 known as the "Florida Wrongful Death Act," for injuries suffered by the decedent COREY JONES as a result of the defendants negligence including but not limited to loss of support and future loss of support, past

and future loss of services, past and future loss of earnings, medical and funeral expenses and for such other relief that this Court may deem appropriate.

## COUNT III
## BATTERY – DEFENDANT CITY

39. Plaintiff hereby incorporates paragraphs 1 – 24 as though fully set forth herein.

40. At all times material hereto, Defendant CITY, its agents, servants and/or employees, intentionally caused bodily harm/offensive contact to COREY JONES by using deadly force against his person, by shooting and killing him.

41. At all times material hereto, COREY JONES did not consent to such bodily harm/offensive contact.

WHEREFORE, Plaintiff CLINTON JONES SR., individually and as the Personal Representative of the Estate of COREY JONES, demands all damages against Defendant RAJA and Defendant CITY permissible under Florida Statutes § 768.21 known as the "Florida Wrongful Death Act," for injuries suffered by the decedent COREY JONES as a result of the defendants negligence, including but not limited to loss of support and future loss of support, past and future loss of services, past and future loss of earnings, medical and funeral expenses and for such other relief that this Court may deem appropriate.

## COUNT IV
## VIOLATION OF UNITED STATES CONSTITUTION, AMENDMENTS IV AND XIV, 42 U.S.C. § 1983, FOR THE USE OF EXCESSIVE FORCE, DEPRIVATION OF DUE PROCESS, AND VIOLATION OF EQUAL PROTECTION CLAUSE- DEFENDANT RAJA

42. Plaintiffs hereby incorporate paragraphs 1 – 24 as though fully set forth herein.

43. This is an action brought against Defendant RAJA pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983.

44. At all times material hereto, Defendant RAJA was an employee and/or agent of Defendant CITY, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY.

45. This Count is being brought against Defendant RAJA in his individual capacity pursuant to U.S.C. Amendments IV and XIV, 42 U.S.C. § 1983 and § 1988.

46. Defendant RAJA, used unnecessary, excessive, and deadly force on COREY JONES, depriving him of bodily integrity, life, liberty, and due process of the law. The amount of force used by Defendant RAJA was objectively unreasonable in light of the facts and circumstances confronting Defendant RAJA. The law prohibiting unconstitutional force is clearly established in the United States Constitution Amendment IV.

47. Defendant RAJA knew or should have known, and every reasonable officer in that position would have concluded that the force used against COREY JONES was unjustifiable and unlawful.

48. Upon information and belief, the decision to use unnecessary, excessive, and deadly force was in part due to the fact that decedent, COREY JONES, was an African American.

49. Defendant RAJA did not have any cause nor permission to approach decedent COREY JONES in an unmarked vehicle and in plain clothes while his vehicle was broken down on the side of the road.

50. Decedent Corey Jones was not in the commission of any crime, and was in need of protection as he was stranded on the side of the I-95 with a disabled vehicle, when Defendant

RAJA shot him multiple times killing him. The use of force was unreasonable and clearly excessive.

51. As a direct and proximate result of said Defendant RAJA's acts, omissions, and clear use of excessive force, Defendant RAJA deprived decedent COREY JONES of the rights guaranteed to him by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, in particular, depriving him of his rights to due process, bodily integrity, equal protection clause, and right to life.

WHEREFORE, Plaintiff CLINTON JONES, SR., demands judgment against Defendant RAJA, for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988, and for such other relief that this Court may deem appropriate.

## COUNT V
## CUSTOM/POLICY AND/OR PATTERN AND PRACTICE OF VIOLATION OF UNITED STATES CONSTITUTION, AMENDMENTS IV AND XIV, 42 U.S.C. § 1983, USE OF EXCESSIVE FORCE, DEPRIVATION OF DUE PROCESS, AND VIOLATION OF EQUAL PROTECTION CLAUSE- DEFENDANT CITY

58. Plaintiff hereby incorporates paragraphs 1 – 24 as though fully set forth herein.

59. Prior to October 18, 2015, Defendant CITY developed and maintained customs and policies and/or a pattern and practice, exhibiting deliberate indifference to the constitutional rights of persons in the community, including a systemic deprivation of Fourth and Fourteenth Amendment rights, which was a violation of COREY JONES' rights. The systemic deprivation of rights is documented and accepted by Defendant CITY in that this defendant's policy manual ignores what plainclothes officers in unmarked cars should do in roadside encounters. a widespread pattern sufficient to notify Defendant CITY, and was obvious, flagrant, and rampant and not isolated occurrences.

60. Defendant CITY had an unofficial/defacto policy/custom that exemplifies the following:

   a. Defendant CITY maintained a custom and policy and/or pattern that tolerated the use of excessive force, deprivation of due process, of failing to adequately and properly train, retrain, supervise, discipline officers, and of failing to conduct proper and lawful undercover operations, and officers' use of excessive force.

   b. Defendant CITY maintained a policy and custom and/or pattern or practice of failing to properly train its officers, including but not limited to, how to use appropriate levels of force, how to properly assess levels of threat, the use of de-escalation techniques and the use of non-lethal force, and on due process of law.

61. Said unofficial/defacto policy/custom was so widespread and well settled within the Defendant CITY that it constituted custom and usage with the force of law.

62. Defendant City was on actual and/or constructive notice of the widespread practices within its police department.

63. As a direct and proximate result of Defendant CITY's unofficial policy/custom which tolerated the use of excessive force, Defendant CITY allowed members of its police department, including but not limited to Defendant RAJA to violate 4th Amendment rights of its citizenry without fear of a thorough investigation into their actions and fear of any meaningful discipline for their actions. On October 18, 2015, Defendant RAJA executed the Defendant

CITY's unofficial/defacto policy/custom which inflicted the injury upon COREY JONES, which killed him.

64. As a result of the above facts, Defendant CITY has a clear defacto policy/custom tolerating the use of excessive force by its police force. This unofficial policy/custom led Defendant CITY's police officers including Defendant RAJA to believe that not only would their actions not be properly monitored, they would go unpunished and tolerated by his superiors.

65. The above facts denote a deliberate indifference on the part of Defendant CITY's policy makers and custom enforcers, to uphold the constitutional rights of citizens of Palm Beach County including decedent Corey Jones, in particular citizens' right to be free from excessive force, to be treated equally with regard to race under the equal protection clause, and not to be denied due process of law, which actually and proximately caused violations of Mr. Jones' constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant CITY's numerous failures, actions and inactions that perpetrated and ratified unconstitutional policing as aforementioned were the moving force behind Defendant RAJA's actions and actually and proximately caused the violation of decedent and Plaintiffs' clearly established and constitutionally guaranteed rights.

WHEREFORE, Plaintiff CLINTON JONES, SR., demands judgment against Defendant RAJA, for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988, and for such other relief that this Court may deem appropriate.

## TRIAL BY JURY

WHEREFORE, Plaintiff **CLINTON JONES, SR.**, individually and as Personal Representative of the Estate of **COREY JONES**, deceased, hereby demands a trial by jury on all issues so triable.

DATED this 6 day of July, 2016.

*Respectfully Submitted,*

**PARKS & CRUMP, L.L.C.**
Designated email: **parkscrump@gmail.com**
240 North Magnolia Drive
Tallahassee, Florida 32301
(850) 222-3333 Phone
(850) 224-6679 Facsimile
Attorneys for Plaintiff

**Daryl D. Parks, Esquire**
FBN: 0054097
dparks@parkscrump.com
**Benjamin L. Crump, Esquire**
FBN: 0072583
bcrump@parkscrump.com
**Anthony D. Thomas, Esquire**
FBN: 0101202
anthonythomas@parkscrump.com

**Skinner Louis, Esquire**
FBN: 076962
**The Louis Law Firm, P.L.L.C.**
P.O. Box 540354
Orlando, FL 32854
(407) 603-6044 Phone
(407) 442-0547 Facsimile
Attorney for Plaintiff

**Kweku Darfoor, Esquire**
FBN: 0108697
**Darfoor Law Firm, P.A.**
333 Las Olas Way CU-1
Ft. Lauderdale, FL 33301
(754) 800-5657 Phone
(754) 551-5495 Facsimile
Attorney for Plaintiff