UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-CV-81247-WJZ

CLINTON JONES, SR., individually as the Parent
Of Corey Jones (deceased) and as the Personal
Representative of the Estate of COREY JONES,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS and
NOUMAN RAJA, in his individual capacity,

    Defendants.
_____/

## DEFENDANT, NOUMAN RAJA'S, MOTION TO STAY PENDING OUTCOME OF CRIMINAL PROCEEDINGS

Defendant, NOUMAN RAJA, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Motion to Stay Pending the Outcome of Criminal Proceedings, and states:

1. This is a purported civil rights action arising from the death of the Decedent, COREY JONES JR., during an encounter with Officer Raja. Plaintiff alleges two causes of action against Officer Raja for his use of force during this encounter, one for excessive force under 42 U.S.C. § 1983 and one for battery under Florida state law.

2. The Plaintiff filed a First Amended Complaint on August 20, 2016. The deadline to respond is September 6, 2016. Officer Raja requests that the Court stay proceedings in this matter pending resolution of the ongoing criminal proceedings against Officer Raja arising from the same incident as alleged in the First Amended Complaint. Specifically, Officer Raja requests that the Court stay all proceedings, including a response to the First Amended Complaint, and

any discovery that may thereafter be directed toward Officer Raja. *See Ventura v. Brosky*, 2006 WL 3392207 (S.D. Fla. 2006) (granting stay on responses to complaint and discovery based on pending criminal prosecution required by special circumstances involved).

3. This case falls squarely within the narrow set of circumstances in which a stay is warranted pending resolution of a criminal proceeding. *See Gonzalez v. Israel*, 2015 WL 4164772, at *2 (S.D. Fla. 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994). The State of Florida has charged Officer Raja with manslaughter with a firearm and attempted first degree murder, the latter of which carries a potential sentence of life imprisonment. The Plaintiff seeks civil remedies for the ***exact same actions*** for which Officer Raja has been criminally charged. Questions regarding his use of force will be the central issue in both proceedings. It is clear from the allegations of the First Amended Complaint and the information that Officer Raja is the remaining witness who was involved in the shooting and, more importantly, who can describe the complete facts that led to the need to allegedly discharge his firearm. A stay of proceedings is therefore required to ensure Officer Raja is not "forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings." *Shell Oil Co. v. Altina Associates, Inc.*, 866 F.Supp. 536, 540 (M.D. Fla. 1994); see also *Ventura*, 2006 WL 3392207 at *1.

4. By asserting the right against self-incrimination, Officer Raja does not suggest that he is at fault. It only suggests that under our constitution, a person charged with crimes is entitled to defend himself against those allegations in the criminal courts before answering to them in civil court.

5. The invocation of the Fifth Amendment privilege in this case would result in certain loss by automatic summary judgment. *Court-Appointed Receiver of Laner Mgmt. Grp. LLC v. Lauer*,

2009 WL 800144, at * 2 (S.D. Fla. 2009). Waiver of that right would jeopardize Officer Raja's right to due process and impact his ability to properly defend the criminal case. The interests of justice therefore require that a stay be granted in this case pending the outcome of criminal proceedings against Officer Raja.

6.     The undersigned conferred with Daryl D. Parks, Esq., pursuant to Local Rule 7.1. Mr. Parks represents the Plaintiff in this matter. Mr. Parks indicated that Plaintiff objects to the relief sought in this motion.

## MEMORANDUM OF LAW

Although motions to stay are generally disfavored, courts must grant such a motion pending resolution of a related criminal prosecution "when 'special circumstances' so require in the 'interest of justice.'" *Gonzalez v. Israel*, 2015 WL 4164772, at *2 (S.D. Fla. 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994)). In these circumstances, a defendant would be "forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings." *Shell Oil Co. v. Altina Associates, Inc.*, 866 F.Supp. 536, 540 (M.D. Fla. 1994); *see also Ventura v. Brosky,* 2006 WL 3392207 (S.D. Fla. 2006) (granting a stay of all proceedings, including a response to the complaint and discovery, where special circumstances like choosing between Fifth Amendment privilege against self-incrimination or losing a civil case in summary proceedings).

The Eleventh Circuit has set forth several factors that must be considered when determining whether a particular case meets the narrow circumstances in which a stay is warranted. *See Gonzalez*, 2015 WL 4164772, at *2. "[T]he critical factors in this analysis are the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast, whether an indictment or its equivalent has been issued;

and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding." *Gonzalez*, 2015 WL 4164772, at *3 (internal citations omitted). "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Love v. City of Lanett*, 2009 WL 2525371, at *2 (M.D.Ala. 2009).

The nearly identical circumstances of this case to those at issue in *Gonzalez* weigh heavily in favor of granting a stay. In *Gonzalez*, two police officers were criminally charged with falsifying a police report and one was additionally charged with felony battery relating to their arrest and use of force against the plaintiff. 2015 WL 4164772, at *1. Their actions during the course of the plaintiff's arrest were directly related to not only the criminal charges brought against them, but the plaintiff's § 1983 claims for false arrest and excessive force. *Id*. In granting the defendants' motion to stay, the court noted the overwhelming overlap between the two proceedings because they both arose from an identical set of circumstances, and the fact that the criminally charged officers were the only eyewitnesses capable of providing exculpatory testimony in their own defense again the plaintiff's accusations. *Id*. at *3. Despite the fact that discovery had not yet begun, the court further noted that it was inevitable that the officers would invoke their Fifth Amendment rights when questioned during discovery and trial, forcing them to choose between defending the civil action or risk criminal exposure. *Id*. Similarly, in *Ventura*, the district court granted the county's motion for a stay of proceedings based on its assertion that the defendant officer would refuse to answer the complaint or participate in discovery by asserting his Fifth Amendment privilege. 2006 WL 3392207, at *2.

The same decision has been reached in other cases as well. In *Doe 1 v. City of Demopolis*, the court stayed a civil action against a police officer criminally charged with sexually assaulting

the plaintiff. 2009 WL 2059311, at *1 (S.D. Ala. 2009). The court noted that the central question of both the criminal proceeding and civil action was whether the officer did, in fact, sexually assault the plaintiff. *Id*. at *4. The substantial similarity between the cases, along with the interest of judicial economy, which would negate the need to litigate factual issues in the civil case should the officer be found guilty, warranted a stay of proceedings. *Id*. Similarly, the court in *Dean v. Douglas*, granted a stay even in the absence of criminal charges against the current defendants because several of their fellow officers had pled guilty to conspiring to inflict cruel and unusual punishment on the plaintiff. 2012 WL 6151137, at *4 (M.D. Ga. 2012). The facts contained in the information filed against the officers that had already been charged overlapped significantly with the facts alleged against the officers in the plaintiff's complaint. *Id*.

The circumstances of this case weigh almost exclusively in favor of granting a stay of proceedings. Officer Raja has been formally charged with manslaughter with a firearm based on acts the State of Florida claims constitute culpable negligence. *See attached* "Exhibit A". He was further charged with attempted first degree murder, allegations that are objectively more severe than any crime at issue in the above cited cases, as he faces potential life in prison if found guilty. *See id*.

A review of the allegations in the First Amended Complaint and the counts cited in the State's charging document clearly demonstrate the overwhelming overlap between the alleged criminal conduct with which Officer Raja has been charged and the alleged civil liability for excessive force. *See* [D.E. #28]. The central issue to be resolved in Officer Raja's criminal case, whether there was justification for him to shoot at Corey Jones, Jr., is the exact issue to be resolved in the civil claims against Officer Raja for excessive force under § 1983 and battery under state law. *See Gonzalez*, 2015 WL 4164772, at *3.

Officer Raja has pled not guilty to the criminal charges. He, like every person charged with a crime, is entitled to due process, including the right to remain silent, and a presumption of innocence. The Raja criminal matter is currently pending, but not scheduled for trial, in Palm Beach County Circuit Court. He must, if this civil case progresses, therefore, respectfully assert his Fifth Amendment privilege. Furthermore, the similarities between his current circumstances and the dilemma faced by the officers in *Gonzalez* weigh heavily in favor of granting the stay.

Officer Raja faces the choice of defending the civil suit under the threat of significant personal exposure in the criminal case or exercising his Fifth Amendment right and losing the civil case in summary proceedings. *Gonzalez*, 2015 WL 4164772, at *3. He will be required to invoke his Fifth Amendment rights "when questioned, in discovery and at trial, precisely about the facts critical to nearly all if not all of the claims asserted by Plaintiff here." *Id*. By remaining silent, he does not only sacrifice the most efficient defense, he sacrifices any potential defense as he is the only eyewitness, involved in the shooting, that can testify to what happened in the early hours of October 18, 2015 that led to the shooting of Corey Jones. *Id*.

It is difficult whenever a police officer faces criminal charges and a related civil lawsuit. Both cases require due process and the ability to present a complete defense. The charges filed by the State of Florida and the allegations made in this civil matter arise from the same occurrence and the identical nucleus of facts. Officer Raja is entitled to assert his privilege against self-incrimination. He respectfully requests this Honorable Court to stay these civil proceedings. Furthermore, because the parallel criminal and civil proceedings effectively force Officer Raja to choose between certain loss on summary judgment or waiving his right to remain silent to adequately defend the civil action, the interests of justice mandate the entry of a stay until the criminal proceedings are resolved.

WHEREFORE, the Defendant, NOUMAN RAJA, respectfully requests this Court grant his Motion to Stay, and any other relief deemed appropriate.

I hereby certify that on this 1st day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        Attorneys for Defendant Raja
        Douglas Centre, PH-4
        2600 Douglas Road
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        BY __/s/ Oscar E. Marrero_____
            OSCAR E. MARRERO
            F.B.: 372714
            oem@marrerolegal.com
            LOURDES E. WYDLER
            F.B.: 719811
            lew@marrerolegal.com
            ALEXANDRA C. HAYES
            F.B.: 109482
            ach@marrerolegal.com

**SERVICE LIST**
**9:16-CV-81247-WJZ**

**PARKS & CRUMP, L.L.C.**
Daryl D. Parks, Esq.
FBN: 0054097
dparks@parkscrump.com
Benjamin L. Crump, Esq.
FBN: 0072583
bcrump@parkscrump.com
Anthony D. Thomas, Esq.
FBN: 0101202
Anthonythomas@parkscrump.com
240 North Magnolia Drive
Tallahassee, FL 32301
(850) 222-3333
(850) 224-6679 (fax)
*Attorneys for Plaintiff*

**The Louis Law firm, P.L.L.C.**
Skinner Louis, Esq.
FBN: 076962
P.O. Box  540354
Orlando, FL 32854
(407) 603-6044
(407) 442-0547 (fax)
*Attorneys for Plaintiff*

**Darfoor Law Firm, P.A.**
Kweku Darfoor, Esq.
FBN: 0108697
100S.E. 3rd Avenue, 10th Floor
Ft. Lauderdale, FL
(754) 800-5657
(754) 551-5495 (fax)
*Attorneys for Plaintiff*

**JOHNSON ANSELMO, MURDOCH,**
**BURKE, PIPER & HOCHMAN, P.A.**
E. Bruce Johnson, Esq.
FBN: 262137
Johnson@jambg.com

*Jones v. City of Palm Beach Gardens, et al.*
*District Court Case No.:  9:16-CV-81247-WJZ*
*Page 9*

Scott D. Alexander, Esq.
FBN 057207
alexander@jambg.com
2455 East Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
(954) 463-0100
(954) 463-2444 (fax)
*Attorneys for City of Palm Beach Gardens*