United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Clinton Jones, Sr., individually as the Parent of Corey Jones and as the Personal Representative of the Estate of Corey Jones, Plaintiff, <br><br> v. <br><br> City of Palm Beach Gardens and Nouman Raja, Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 16-81247-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

## Order

This matter is before the Court on the Plaintiff's motion for leave to file a third amended complaint (ECF No. 67) and motion to strike or render moot (ECF No. 68). The Defendant City of Palm Beach Gardens filed a partial opposition to the motion for leave to amend (ECF No. 72), as well as an opposition to the motion to strike (ECF No. 70). The Plaintiff filed a reply in support of the motion for leave to amend. (ECF No. 73.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants in part and denies in part** the Plaintiff's motion for leave to amend (**ECF No. 67**) and **denies** the Plaintiff's motion to strike or render moot (**ECF No. 68**).

1. **Background**

On July 6, 2016, Clinton Jones Sr. sued the Defendants, alleging violations of 42 U.S.C. § 1983, negligence, and battery in connection with the fatal shooting of Corey Jones by Defendant Nouman Raja while he was an officer with the Palm Beach Gardens Police Department. (ECF No. 1.) Two months later, Jones filed the operative complaint—the Second Amended Complaint. (ECF No. 39.) At all times, Jones only brought claims against the City of Palm Beach Gardens and Nouman Raja.

On September 26, 2016, the predecessor judge stayed this case pending resolution of criminal proceedings brought against Raja. (ECF No. 44.) A jury subsequently found Raja guilty of manslaughter and attempted first degree murder on March 7, 2019. (ECF No. 47.) Yet the stay in this case continued, as criminal appellate proceedings were underway. After nearly six years, the stay in this case was lifted on March 10, 2022. (ECF No. 63.)

### 2. Analysis

Jones now seeks to file a third amended complaint, pleading new factual allegations against the existing Defendants as well as adding three new defendants—Andrew Spragg, Javier Garcia, and Randall Anderson—all officers in the Palm Beach Gardens Police Department. (ECF No. 67-1.) Jones alleges in his proposed third amended complaint that these defendants are liable under section 1983 under inadequate supervision and failure-to-train theories. (*Id.*)

The City only opposes Jones's motion to the extent that it pleads new claims against new defendants, which the City argues are barred as untimely. (ECF No. 72); *see Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000) (finding that leave to amend may be denied where the proposed amendment is futile and barred by the relevant statute of limitations), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). Jones counters that these claims are timely, as (1) the claims "relate back" to the Second Amended Complaint, (2) the stay in this case tolled the statute of limitations, and (3) the claims accrued only when Jones recently discovered supporting facts. (ECF No. 73.) The Court holds that these new claims are untimely.

***First***, the Court finds that these claims do not relate back to the operative complaint. For claims against a new party to "relate back" to an earlier-filed complaint, the plaintiff must satisfy Rule 15(c)(1)(C). *See* Fed. R. Civ. P. 15(c)(1)(C); *see also Lannen v. Broward Cnty. Sheriff's Office*, No. 10-61311-CIV, 2012 WL 13001860, at *3 (S.D. Fla. Mar. 8, 2012) (Scola, J.). Rule 15(c)(1)(C) requires that, in addition to satisfying Rule 15(c)(1)(B), the newly-added parties must have received adequate notice of the action and "knew, or should have known that, but for a mistake concerning the new party's identity, the action would have been brought against [them]." *Id.* Therefore, a plaintiff must show that (i) the new claims arise "out of the conduct, transaction, or occurrence set out" in the original timely pleading, (ii) the newly-added party received appropriate notice of the action, and (iii) there was a mistake concerning the newly-added party's identity. *See id.*

Here, Jones does not explain how Officers Spragg, Garcia, and Anderson should have known that this action would be brought against them but for a mistake concerning their identity. Rather, Jones states that he first learned of the proposed defendants' alleged involvement in the underlying issues in "late 2021 to early 2022." (ECF No. 73 at 2, 7.) However, "lack of knowledge is not an error, a misnomer, or a misidentification that falls within the 'mistake' requirement." *See Lannen*, 2012 WL 13001860, at *3 (cleaned up). And "once a court determines that no 'mistake' was made, it is irrelevant whether the to-be-joined party received notice and would not be prejudiced." *Id.* (quoting *Lelieve v. Orosa*,

No. 10-23677-CIV, 2011 WL 5103949, at *4 (S.D. Fla. Oct. 27, 2011)). Therefore, as Jones has alleged no mistake in identifying Officers Spragg, Garcia, and Anderson, the Court finds that the proposed claims brought against those officers do not relate back to the Second Amended Complaint under Rule 15(c)(1)(C).

**Second**, the Court finds that the stay in this case did not equitably toll the relevant statute of limitations. "Equitable tolling is a remedy that must be used sparingly" and only in "extreme cases." *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). And while the doctrine of equitable tolling is appropriate where the plaintiff was "misled or lulled into inaction" through no fault of her own, it also requires that the plaintiff diligently pursue her rights in the meantime. *See Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1233–34 (M.D. Fla. 2011) (finding that equitable tolling applied, in part as the plaintiff "diligently pursued her claim to the extent she could while the Court imposed stay was in effect"); *Booth v. Carnival Corp.*, 522 F.3d 1148, 1153 (11th Cir. 2008) (finding that equitable tolling was appropriate as the plaintiff "diligently pursued his claim"); *Wallace v. Warden of M.D.C.*, 14 Civ. 6522, 2016 WL 6901315, at *5 (S.D.N.Y. Nov. 23, 2016) (finding that a court-imposed stay did not equitably toll the relevant statute of limitations, as the plaintiff did not establish that he had "been pursuing his rights diligently" notwithstanding the stay).

Here, Jones does not establish that he had diligently pursued his rights while the case was stayed. Indeed, he could have moved to lift the stay for the purpose of filing an amended complaint, but he did not. *See generally Retractable Techs., Inc. v. Becton, Dickinson and Co.*, No. 2:08-CV-16-MHS-RSP, 2013 WL 12139159, at *4 (E.D. Tex. Mar. 14, 2013) (finding that a stay did not equitably toll the statute of limitations as the plaintiff did not move to lift the stay to amend the pleadings). While Jones consistently opposed the stay, he has not established that he diligently pursued the case while the stay was in effect. Therefore, equitable tolling is inappropriate.

**Last**, the Court finds that Jones's proposed new claims are untimely, as they accrued more than four years ago. Section 1983 claims brought in Florida must be pled within four years of the alleged unlawful conduct. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002). However, this statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (quoting *Calhoun v. Ala. Alcoholic Beverage Control Brd.*, 705 F.2d 422, 425 (11th Cir. 1983)).

Here, Jones argues that he did not learn of the facts supporting claims against Officers Spragg, Garcia, and Anderson until "late 2021 to early 2022" when Jones's counsel reviewed transcripts from Raja's 2019 criminal trial. (ECF

No. 73 at 2.) However, Jones does not establish why a reasonably prudent person could have only learned that Officers Spragg, Garcia, and Anderson were Raja's supervisors from the 2019 criminal trial, which took place three years after this case was filed. Therefore, the Court finds that any claims against those individuals began to accrue earlier, when a reasonably prudent person could have discovered the proposed defendants' relationship to Defendant Raja. For this reason, the proposed claims are untimely.

### 3. Conclusion

For the reasons set out above, the Court **grants in part and denies in part** the Plaintiff's motion for leave to amend. (**ECF No. 67**.) The Court **grants** the motion—to the extent that it is unopposed—and grants leave to the Plaintiff to add new factual allegations against the existing Defendants. However, the Court **denies** the motion to the extent that it seeks to state new claims against new defendants. The Plaintiff must file his third amended complaint as a separate docket entry by **April 13, 2022**. Defendants Raja and Palm Beach Gardens must respond to the third amended complaint by **April 27, 2022**.

As the Court grants in part the Plaintiff's motion for leave to file a third amended complaint, the Court **denies as moot** the City's pending motion to dismiss. (**ECF No. 41**); *see Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) (noting that an amended complaint moots a motion to dismiss a prior pleading). Last, the Court **denies as moot** the Plaintiff's motion to strike or render as moot the City's notice of supplemental authority in support of its motion to dismiss. (**ECF No. 68**.) The City may address such authorities and legal argument if it moves to dismiss the third amended complaint.

**Done and ordered** in Miami, Florida, on April 6, 2022.

Robert N. Scola, Jr.
United States District Judge